## Wonder et al. *versus* Phelps.

1. In an action of ejectment it is the right and duty of a defendant to set up an outstanding title in his wife, in order to protect her possession.

2. A. agreed to sell a lot to B., who assigned his interest in the contract to C., a married woman. D., her husband, joining with her, C. afterwards assigned her interest in the contract to A., but the certificate of acknowledgment did not show that she was examined separate and

[Wonder v. Phelps.]

apart from her husband. C., D., and E., their son, remained in possession. A. made a new contract for the sale of the land to E. E. failing to pay the instalments of the purchase money, ejectment was brought against D. and E., and a conditional judgment was entered against the defendants:

*Held,* that this was error, because C.'s assignment of her interest was void on account of the defect in the certificate of acknowledgment; and the judgment disregarded her title which was properly interposed by her husband, the defendant.

February 27th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK JJ.

ERROR to the Court of Common Pleas of *Lackawanna county:* Of January Term 1885, No. 328.

Ejectment, by Jaman H. Phelps against John L. Wonder and Jeremiah Wonder for a lot of ground situated in Scranton, Lackawanna County. Plea, not guilty.

The suit was referred to W. W. Lathrope, Esq., as Referee under the Act of April 6th, 1869 (P. L., 725), and its supplement of March 23d, 1870 (P. L.), 540, before whom the facts appeared as follows: On May 31st, 1867, Jaman H. Phelps, the plaintiff below, and one W. W. Winton, the owners of the lot in question, agreed to sell it to one Patrick MacDonald for $500, payable in instalments. MacDonald paid $60 upon the agreement, went into possession of the land, and put up a building thereon. On October 21st, 1867, MacDonald assigned his right, title and interest in the contract to Sarah A. Wonder, she agreeing to pay the balance due on the house and lot at date of assignment. Sarah A. Wonder was the wife of the defendant, Jeremiah Wonder, and the mother of the defendant John L. Wonder. Mrs. Wonder paid about $400 as the consideration for this assignment, and made four payments to the plaintiff upon the agreement assigned to her by MacDonald. Additions were made to the house; for these Jeremiah Wonder was unable to pay in full; and certain of the debts thus incurred were paid for by the plaintiff and Winton, who took assignments of them. Mrs. Wonder, with the defendants, her husband and son, moved upon the premises after the improvements and lived there up to the time of action brought. On January 5th, 1870, Sarah A. Wonder and her husband, Jeremiah Wonder, assigned all their interest in the land to the plaintiff, Jaman H. Phelps. This was acknowledged; the notary's certificate stated the said Sarah A. Wonder to be of full age and by him examined, and the full contents of the assignment to have been by him first made known to her; but omitted to certify that she had been examined separate and apart from her husband. The rest of the certificate was in the usual form. On December 28th, 1870, Phelps and Winton agreed with Jeremiah Wonder to sell him

[Wonder *v.* Phelps.]

the lot for $2,300, which amount included the original pur-
chase money and the amounts of the debts of Jeremiah Won-
der that had been paid by Phelps and Winton. Jeremiah
Wonder assigned his interest to his son, John L. Wonder, who
on March 17th, 1873, released his interest to Phelps and
Phelps's co-tenant Winton, the holders of the legal title.
Phelps, having previously obtained Winton's interest and
thereby become sole owner of the property, made on the
same day, March 17th, 1873, a contract with John L. Won-
der by which he agreed to sell the property to him for $3,062,
payable in instalments. This amount included the considera-
tion of the contract of December 28th, 1870, $2,300, and cer-
tain amounts paid by the plaintiff for and to Jeremiah Wonder.
None of the instalments on this contract having been paid,
this action was brought thereon.

The Referee held that the assignment of January 5th, 1870,
was void as to Sarah A. Wonder on account of the defective
acknowledgment, but that the defendants having paid no pur-
chase money and made no improvements could not retain both
the money and the land; he accordingly directed the prothono-
tary to enter judgment for the plaintiff for the land described
in the writ, upon condition that if the defendants shall pay to
plaintiff $4,570.12, with interest and costs, within four months,
then judgment to be entered for the defendants, plaintiff to
deliver to John L. Wonder upon said payment a deed for said
land.

Exceptions were filed to this report of the Referee, which
were overruled by the court; and judgment was entered in
accordance with the report. Whereupon defendants took this
writ, assigning for error, *inter alia*, the entry of judgment as
above stated.

*Dimmick & Dimmick*, for plaintiffs in error.—The only real
purchase money was the consideration named in the MacDon-
ald contract; if the plaintiff is entitled to anything it is to a
conditional judgment for that amount only. Jeremiah Won-
der being in possession at the time of his acceptance of the
contract from Phelps, can set up an outstanding title as against
Phelps; he has set up a complete outstanding title in his wife.
It is the duty of the head of a family to defend the possession
of any of its members: Johnson *v.* Fullerton, 8 Wr., 466.
The wife having an adverse title could not have been let into
a defence, and consequently has not been guilty of laches:
Boyer *v.* Smith, 5 Watts, 55.

*Edward B. Sturges*, for defendant in error.—Mrs. Wonder
would have had a right to demand a title only after she had

[Wonder v. Phelps.]

done certain things that she never did or offered to do. The vendors could not force her to pay the balance of the purchase money; they could only recover possession if she did not; a defendant must show a clear subsisting equity to prevent a recovery at law. She is estopped: Mowers v. Shronk, 3 Phila., 445; Couch v. Sutton, 1 Grant, 114; McCullough v. Wilson, 21 Pa. St., 436.

Mr. Justice GORDON delivered the opinion of the court, October 5th, 1885.

Jaman II. Phelps, the plaintiff below, and W. W. Winton were, on the 31st of May, 1867, the owners of about twenty acres of land in the city of Scranton, which on that day, by articles of agreement, they contracted to sell to one Patrick MacDonald, for the consideration of $500. On this contract MacDonald paid $60, took possession of the land, and built thereon a small house. On the 21st of October of the same year, he assigned to Sarah A. Wonder, wife of Jeremiah Wonder, and mother of John L., the defendants; the consideration for this assignment was paid in full by the said Sarah A., and she in turn, with her husband and son, assumed possession, which they have continued down to the present time. Some payments were made by Mrs. Wonder on account of the purchase money, and some improvements were made upon the property by her husband. Afterwards there was an assignment of the articles of agreement, above recited, by Wonder and wife to Phelps. This assignment, as will appear hereafter, was void for the want of a proper acknowledgment on her part. Phelps executed a new contract to Wonder in which the purchase money is set forth as $2,300, though in fact there is in this sum some $1,900 of other indebtedness. Again, and after the transaction above recited, Jeremiah Wonder, at the instance of the plaintiff, assigned to his son, John L., who, in turn, assigned to Phelps and Winton, and on the same day Phelps, who had in the meantime secured Winton's interest, made a contract with John L. for the sale of the premises in consideration of $3,062, to be paid in instalments as therein set forth. This sum also embraced an indebtedness over and above the purchase money for the land. The transaction would thus seem rather to assume the character of a mortgage of the equitable interest in this property than a sale, and the process in hand might be regarded as one to enforce payment of that obligation rather than to collect purchase money. On this last contract the pending action was brought, and on the 8th day of December, 1867, the case was referred, under the provisions of the Act of 1869, to a Referee, who reported a judgment for the plaintiff, to be released on payment by the

defendants of the sum of $4,570.12, with interest, within four months from the date of the rendition of the said judgment. We will not now stop to consider whether this judgment, under the circumstances above stated, can be sustained, but will pass to certain findings of the Referee which of themselves will determine this case.     These findings are as follows: (1.) " The assignment by Patrick MacDonald to Sarah A. Wonder, of his equitable title in the land ·described in the writ, vested that title in her as against her husband and as against the subsequent creditors of her husband not then in contemplation by him, even though he furnished her the purchase money."     (2.) " The writing of the 5th of January, 1870, indorsed upon the MacDonald contract, and purporting to be an assignment .to plaintiff of all the title and interest of Sarah A. Wonder and her husband in said land and improvements thereon, was null and void as to her, for the reason that the certificate of acknowledgment does not set forth that she was examined separate and apart from her husband." (3.) " The said Sarah is not estopped by her acquiescence in the subsequent sale of the same property by plaintiff to her husband, from setting up her equitable· title."     (4.) " The improvements made by Jeremiah before he acquired any interest in the premises inured to the benefit of his wife, whose rights are not concluded by this ejectment."     We hesitate not to say that the legal conclusions here announced are sound, and we have no difficulty in adopting them, but it is not so with the fifth finding, since in this he holds that the defendants must comply with the John L. Wonder contract by paying what is therein set forth as purchase money, or surrender the possession of the premises.     This entirely ignores the title and possession of Mrs. Wonder, under which it was not only the right but also the duty of her husband to defend.     The case of Johnson *v.* Fullerton, 8 Wr., 466, rules the contention in hand.     It was there held that a writ of *habere facias possessionem,* issued from a judgment in ejectment against a husband cannot affect the wife's title, but only her possession, and that, in order to preserve that possession the husband ought to have defended on his wife's title, and that he may interpose such title in an action of ejectment brought by a purchaser at a sheriff's sale on a *vend. ex.* against himself, is also recognized in the case of Curry *v.* Bott, 3 P. F. S., 400.     It is thus made clear that it was entirely proper for Wonder to set up his wife's title in order to protect her possession, and that a disregard of this title by the Referee was erroneous.     As the conclusion here reached covers this case, and must necessarily reverse it radically, we need not consider the other exceptions.

The judgment is reversed.