position that the bill should have been dismissed because certain charges of actual fraud, made therein, were not sustained by the evidence. The findings of constructive fraud, properly charged in the bill, constitute a sufficiently broad and firm foundation on which to rest the decree complained of.

In view of the fiduciary relation existing between appellant and appellee, as to the latter's interest in the land in question, appellant had no right whatever to become the purchaser of that interest, for less than its value, at a sheriff's sale brought about by his own procurement. This of itself was sufficient to bring the case within the rule of public policy on which the learned master's conclusions are based.

There was no error in refusing appellant's motion to amend his answer made on the argument of exceptions to the master's report. It was a matter resting in the sound discretion of the court; and coming, as it did, at that late day, the discretion was wisely exercised by denying the motion.

Nor was there any error in charging appellant with the rents referred to in the fourth specification. The account was stated as favorably to him as he had any right to claim.

An examinataion of the record has failed to disclose any error of which appellant has any just reason to complain.

Decree affirmed and appeal dismissed, at the costs of appellant.

---

## Appeal of Joseph L. McDaniel et al.

### Delaplaine McDaniel's Estate.

A testator by his will directed his executors to pay to two certain institutions certain specific sums "per annum, commencing one year after my (testator's) death," with a further provision that, when it should be convenient, final sums (being the principal which at 6 per cent would yield the equivalent of the yearly sums so given) should be given and the yearly sums then cease. Held, that the yearly sums became due to the beneficiaries at the expiration of one year from the date of testator's death.

(Argued January 5, 1888. Decided January 23, 1888.)

July Term, 1887, No. 139, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Appeal by Joseph L. McDaniel et al., the residuary legatees and devisees under the will of Delaplaine McDaniel, from a decree of the

Orphans' Court of Philadelphia County entered June 1, 1887, awarding to Dickinson College $324.54, and to the Drew Theological Seminary $648.08. Affirmed.

The facts of the case are as follows:

By the provisions of the last will and testament of Delaplaine McDaniel, deceased, the testator directed that a payment of $600 per annum, commencing one year after his death, should be made to the Drew Theological Seminary, until it should be convenient to pay the legatee $10,000. In like manner, testator directed that a payment of $300 per annum should be made to Dickinson College, commencing one year after his death, until it should be convenient to pay the legatee $5,000. On payment of the legacies, the testator directed that the yearly payments should cease.

Delaplaine McDaniel died January 21, 1885. At the audit of the executors' account it was claimed, on behalf of both institutions, that on January 21, 1886, the respective annual sums above mentioned became payable. On the other hand, the executors claimed that these annual sums were first payable on January 21, 1887. The auditing judge took the view that the contention of the executors accorded with the proper construction of the will, and so decided. To this decision exceptions were filed; and on argument before the court in banc, the exceptions were sustained.

PENROSE, J., filed the following opinion:

If regard be had to what the testator has said and not to what it is imagined may have been the mental process which resulted in the language used, the case is free from difficulty. The will directs the executors to pay certain specific sums per annum to the institutions named, commencing one year after his death; with the provision that when it shall be convenient, a final sum (in one case of $10,000, and in the other $5,000) shall be paid, and the yearly sums then cease. These final sums, however, happen to be or are the principal which at 6 per cent would yield the equivalent of the yearly sums so given; and hence it is argued that the testator must have had in his mind the running of interest and intended it to begin, as it would have done had he given only the principal sum and been silent as to the annual payments, one year after his death. The effect of this is to make

the payments begin two years after his death, while the will in express terms declares they shall begin at one. The fallacy is in applying the words "commencing one year after my death" to an imaginary running of interest, nowhere mentioned by the testator, instead of to the antecedent immediately preceding, to which they manifestly relate, *viz.,* the direction "to pay" the sums specified "per annum."

We are not at liberty to conjecture where the language is so clear, and, as the authorities show (1 Fonblanque, Eq. 445, note; Hannum v. West Chester, 70 Pa. 372), "Although a somewhat strained interpretation of an instrument may be admissible where an absurdity would otherwise ensue, yet if the intention of the parties is not clear and plain, but *in equilibrio,* the words shall receive their more natural and proper construction." *Quoties in verbis nulla est ambiguitas ibi nulla expositio contra verba fienda est.*

Exceptions sustained.

On June 1, 1887, decrees were entered awarding to Dickinson College $324.54, and to the Drew Theological Seminary $648.08; whereupon this appeal was taken, assigning for error the entering of these decrees.

*Charles Hart* for appellants.

*J. S. Williams,* for appellees.—It is possible that the testator meant to say that the year, during which these annuities were to be paid, should commence to run one year after his death—but the language used does not show that. The phrase "commencing one year after my death," is separated by a comma from the word *annum,* and plainly qualifies the word *pay.*

The question in expounding a will is not what the testator meant, but, What is the meaning of his words? Hancock's Appeal, 112 Pa. 532, 5 Atl. 56; Weidman's Appeal, 42 Phila. Leg. Int. 338.

Conjectural intentions are not to be set up in opposition to express words; and here there is no reason for adopting a strained interpretation. Hannum v. West Chester, 70 Pa. 367.

Per Curiam:
Decree affirmed on the opinion of the court below, and the appeal dismissed, at the costs of the appellants.