————o————

## No. 6281.

## LAFAYETTE REALTY COMPANY vs. J. PANNO & COMPANY.

### Syllabus.

No action can lie on a contract the consideration of which is prohibited by law.

The lessee of a barroom sued for rent, should be permitted to introduce testimony in support of his defense, when he alleges in his answer that his lessor, though ostensibly an independent company, is really and in fact only a branch of a brewing company, which is prohibited by law to be the owner of, or interested in, any lease of a barroom.

Appeal from the Civil District Court for the Parish of Orleans, Divsion "D," No. 106,893. Honorable Porter Parker Judge.

Foster, Milling, Brian & Saal, for plaintiff and appellee.

G. B. Smart, for defendant and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

This is a suit for rent.

Plaintiff alleges that it is the owner of the premises No. 613 St. Philip Street in the City of New Orleans; that it rented said premises to the defendants for the price of $50.00 a month, that the defendant owe a balance of $10.00 for each of the months of July and August, and $50 for each of the months of September, October and November, 1913; and it prays for judgment with lessor's privilege.

Defendants aver that the rent for the months of July and August was fully paid; they admit that the rent for the months of September, October, November and December, 1913, is not paid, but they aver that it is $40 per month and not $50; they aver that the rent which was not paid cannot be claimed for the reason that the premises were leased, in truth and in fact, by the Jackson Brewing Company, contrary to law; that the plaintiff is a mere disguise for the said Brewing Company; they "deny that plaintiff is a corporation under the laws of this State, but allege that the pretended corporation is an agency of the Jackson Brewing Company of this City, to enable the said Brewing Company to lease buildings for liquor saloon purposes, contrary to law." They pray that plaintiff's suit be dismissed.

There was judgment in favor of plaintiff for $160 with recognition of lessor's privilege, and the defendants have appealed.

— 183 —

The Statute which it is charged by defendants that the plaintiff has violated is Section 11 of Act No. 176 of 1908, p. 230 (242) which reads as follows:

"That it shall be unlawful for any firm, corporation or any officer, director or stockholder of any corporation engaged in the business of brewing or distilling, manufacturing or selling or distributing by wholesale of intoxicating liquors, to obtain a license for the business of conducting a barroom, cabaret, coffee house, cafe, beer saloon, liquor exchange, drinking saloon, grog shop, beer house or beer garden, or to be interested financially in any concern so engaged or to be the owner or lessee or to be interested in any lease of premises used for any such business under the provision of this act."

In the course of the trial the defendants put the following question to a witness:

"Who are the real owners of the Lafayette Realty Company?"

The declared object of the defendants was to substantiate their defense and "to show that this is simply a holding company for the Jackson Brewing Company, and that they are trying to do indirectly something which the law will not allow them to do directly."

The plaintiff objected to the question on the ground that it was "irrelevant."

The Court ruled that the objection was "good."

The defendants again asked the witness:

"Is the Jackson Brewing Company or the Lafayette Realty Company the real owners of the property?"

The plaintiff objected "upon the ground that the act of sale has been offered in evidence showing the purchase of this property by the Lafayette Realty Company."

The Court again ruled that the objection was "good."

The defendant then asked the witness:

"What are the relations existing between the Jackson Brewing Company and the Lafayette Realty Company?"

The plaintiff objected as "irrelevant and immaterial."

The objection was maintained as "good."

The following questions were also objected to and excluded on objection, viz:

"Isn't it a fact that you only rent premises to people who will agree to use the Jackson Brewing Company's beer?"

"As a matter of fact is'nt the Lafayette Realty Company merely a holding company?"

Under the law and the answer of defendants it was relevant and material to attempt to show that the plaintiff corporation was only the Jackson Brewing Company under another name, or was an auxiliary branch thereof, or was "intersted financially" with it, and as such could not "be the owner" of, or "interested in" the lease to them, in violation of the law, as alleged. For it would seem that if the plaintiff company and the Jackson Brewing Company were one and the same, under different names, or if the plaintiff company was 'interested financially" in the Jackson Brewing Company that it could not be the owner or be interested in any lease of premises

— 185 —

used for "a barroom" and could not therefore enforce the provisions of a lease made in violation of the law above quoted.

C. C., 12:

> "Whatever is done in contravention of a prohibitory law, is void, although the nullity be not formally directed."
> **C. C., 1892, 1893, 1895.**

By a statute of 1817 it was provided that no person should have the right to practice "physic" without having previously undergone an examination and obtained a certificate from a medical board. When a plaintiff sued to recover for medical services rendered, and the defendant shielded himself behind the statute and averred that plaintiff did not have the certificate required by law, the Supreme Court said:

> "There is no principle better settled, than that no action can lie on a contract, the consideration of which is prohibited by law. We cannot listen to a claim which originates in the violation of our statutes."
> **Dickerson vs. Gordy, 5 R., 489, affirmed in Quarles vs. Evans, 7 A., 543. See also, 74 U. S., 542; 14 U. S., 258 (271).**

A contract to rent a house in a part of the city where it is forbidden to have hospitals by a city ordinance cannot be performed.
**Milne vs. Davidson, 5 N. S., 409.**

By an act of 1839 betting on elections was prohibited. Held, than no action could lie to recover money deposited as a bet on an election.
**1 A., 176; 118 La., 597.**

An act of Congress prohibits the making or selling a thing the exclusive right whereof is secured to another by patent. One who makes and sells such a thing in violation of the exclusive rights of the patentee cannot recover the price from a purchaser.

**7 A., 170; 12 A., 154.**

The law required all contracts for public works "to let out to the lowest bidder at public auction." Held, a contractor with the city without such formality could not recover against the city for materials furnished.

**12 A., 154.**

We conclude, therefore, that the trial Judge erred in maintaining the objections and excluding the evidence, and that the defendants should have an opportunity to have their questions answered and to introduce evidence in support of the allegations of their answer.

It is, therefore, ordered that the judgment of the District Court be reversed and set aside and that this case be remanded for a new trial in accordance with the views expressed in this opinion, and that the costs of the appeal be paid by the plaintiff, the costs of the lower Court to await the final judgment herein.

Judgment reversed and case remanded.

Opinion and decree, February 1st, 1915.

Rehearing refused, March 15th, 1915.

Writ denied, April 30, 1915.

St. Paul, J., not having heard the argument, takes no part.